UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 14-20724-ABC |
| ELLIOTT BOSTON III, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| WZ USA GROUP INC. and ANGELA ZHANG, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. |
| ELLIOTT BOSTON III, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND § 727(a)(4)**

Plaintiffs WZ USA Group Inc. ("WZ") and Angela Zhang ("Zhang") (collectively, "Plaintiffs"), by and through their undersigned counsel of record, and for their Complaint against Debtor and Defendant Elliott Boston III ("Debtor") to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A) and Objection to Discharge pursuant to 11 U.S.C. § 727(a)(4) ("Complaint"), hereby state and allege as follows:

**JURISDICTION AND VENUE**

1.     This is a Complaint to except from discharge debts pursuant to 11 U.S.C. § 523(a)(2)(A) and to object to Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)   This Court has jurisdiction over this adversary proceeding and the parties pursuant to 28 U.S.C. § 157 and § 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor filed his voluntary Chapter 7 bankruptcy petition in this District, and as of the Petition Date, Debtor resided in this District and the principal assets of the Debtor were located in this District.

## GENERAL ALLEGATIONS

4.     Debtor is an individual whose last known address is 10625 Wildhurst Circle, Highlands Ranch, Colorado 80126.  Debtor conducted business under the name Rocky Mountain Capital LLC ("RMC").  Debtor represented RMC was a Colorado limited liability company having a principal place of business at 10625 Wildhurst Circle, Highlands Ranch, Colorado 80126 and that Debtor was the "Managing Director" of RMC.  Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 4, 2014 ("Petition Date").  Glen Anstine was duly appointed as the Chapter 7 Trustee.

5.     Plaintiff Zhang is an individual who resides at 3502 Pinnacle Court, San Jose, California 95125.

6.     Plaintiff WZ is a California corporation formed in 2012 which maintains its principal place of business at 3502 Pinnacle Court, San Jose, California 95125.   Zhang is the President and 100% shareholder of WZ.

7.     In 2013, Zhang was introduced to Debtor through Daniel "Rocky" Jey, a California real estate broker.  Zhang was interested in investing in real estate as part of her retirement investment portfolio.  Debtor told Plaintiffs he and RMC, which Debtor represented to be a Colorado limited liability company engaged in the business of real estate and construction, was in the process of commencing a new project to improve and sell or "flip" certain residential real property in the City and County of Denver, Colorado located at 3941 King Street, Denver, Colorado 80211 (the "King Street Property," "Property," or "Project").  Debtor represented that Plaintiffs would receive a first-priority security interest in the King Street Property if Plaintiffs agreed to invest in the Project.  The investment funds, according to Debtor, would be used to fund improvements to the Property, which in turn would increase the value of the Property and equity available to repay Plaintiffs in full. Debtor represented RMC was a highly successful company, was profitable and financially stable, and that the Company had "flipped" many properties in the past several years, generating at least a twenty (20) percent return for investors.  Debtor represented that the Project would be completed by June 2014 and that Plaintiffs would be repaid in full during the summer of 2014.

8.     In reliance upon these representations, Plaintiffs transferred the sum of $79,000 to Debtor and RMC during January 2014.

2

9.      On or about January 5, 2014, Debtor caused RMC to execute and deliver to WZ a promissory note in the principal amount of $105,000 (the "January 2014 Promissory Note"). A true and correct copy of the January 2014 Promissory Note is attached hereto as Exhibit A.

10.     To secure repayment of the January 2014 Promissory Note, Debtor caused RMC to execute and deliver to WZ a Deed of Trust dated January 5, 2014 ("Deed of Trust") encumbering the King Street Property. The Deed of Trust was duly recorded with the Clerk and Recorders Office for the City and County of Denver, Colorado on January 23, 2014 at Reception Number 201407698..

11.     Debtor made numerous misrepresentations of material fact and omitted to disclose or concealed material facts in connection with RMC and the King Street Property, including: (a) a first-priority deed of trust in favor of Lead Funding LLC ("Lead Funding") in the amount of $420,000 was recorded against the King Street Property on January 7, 2014, and as a result, Plaintiffs would not receive a first-priority deed of trust against the Property; (b) the first-priority deed of trust in favor of Lead Funding also secured and cross-collateralized funds advanced by Lead Funding for other RMC projects located at 295 South Jasmine, 5045 Eliot, and 1739 Monaco Parkway, Denver, Colorado and other properties owned or controlled by RMC; (c) RMC was in significant financial trouble, was not paying its debts as they became due, and lacked the capacity to complete improvements to the Property and did not intend to make any improvements to the Property; (d) there was no equity in the Property to repay Plaintiffs; and (e) RMC and Debtor by January 2014 had already received lender notices of default from Lead Funding and other lenders with respect to unpaid debt encumbering the Property.

12.     Upon information and belief, Lead Funding and other lenders commenced non-judicial foreclosure proceedings against the King Street Property beginning in March 2014. Debtor never disclosed these foreclosure proceedings to Plaintiffs.

13.     RMC sold the King Street Property to David Brevik on or about June 20, 2014 for $462,000. A warranty deed evidencing transfer of the Property was recorded with the Clerk and Recorders Office for the City and County of Denver, Colorado on July 9, 2014 at Reception Number 2014081590.

14.     During June 2014, Debtor requested that Plaintiffs execute and deliver a Release of their Deed of Trust encumbering the King Street Property and falsely represented that Plaintiffs

3

would be personally liable for the debt owed to Lead Funding unless Plaintiffs released their Deed of Trust.

15.     On or about June 26, 2014, Plaintiffs executed and delivered to Debtor a Request for Full Release of Deed of Trust and Release ("Release") with respect to Plaintiffs' Deed of Trust encumbering the King Street Property, which was recorded with the Clerk and Recorders Office for the City and County of Denver, Colorado on July 24, 2014 at Reception Number 2014088387. A true and correct copy of the Release is attached hereto as Exhibit B. To induce Plaintiffs to execute the Release, Debtor represented he would execute and deliver a new promissory note for the $105,000 indebtedness and further would provide additional collateral to fully secure the indebtedness through other real properties owned by Debtor and RMC. Plaintiffs received $3,545.61 from the sale of the King Street Property.

16.     On June 26, 2014, Debtor personally executed and delivered to Plaintiffs a promissory note in the principal amount of $105,000 (the "June 2014 Promissory Note"). Debtor did not list or otherwise disclose Plaintiffs as creditors or the indebtedness evidenced by the June 2014 Promissory Note in his Chapter 7 bankruptcy schedules. A true and correct copy of the June 2014 Promissory Note is attached hereto as Exhibit C.

17.     Contrary to his representations, Debtor never provided Plaintiffs with a deed of trust against other properties and failed to provide any other collateral to secure repayment of the June 2014 Promissory Note. Debtor to date has failed and refused to provide any collateral to secure repayment of the June 2014 Promissory Note. As a result, Debtor falsely induced Plaintiffs to release their Deed of Trust encumbering the King Street Property.

18.     On December 18, 2013, Plaintiffs transferred to Assured Title Company ("Assured") the sum of $60,000 to be used by Debtor and RMC to purchase certain real property having the address 5702 S. Ouray Street, Denver, CO 80015 ("Ouray Property"). Debtor caused RMC to execute and deliver to Plaintiffs a Note and Deed of Trust dated December 18, 2013 in the principal amount of $78,000 to evidence the $60,000 transferred by Plaintiffs to Assured for the benefit of Debtor and RMC. True and correct copies of the December 18, 2013 Note and Deed of Trust are attached hereto as Exhibit D.

19.     Upon information and belief, RMC never purchased the Ouray Property and the transaction never closed. Without Plaintiffs' knowledge or consent, Debtor instructed Assured to

transfer the $60,000 provided by Plaintiffs to an account controlled by Debtor personally.  Debtor has failed and refused to return the $60,000 in funds provided by Plaintiffs despite numerous demands.

## FIRST CLAIM FOR RELIEF
### False Pretenses, False Representation, or Actual Fraud
### 11 U.S.C. § 523(a)(2)(A)

20.     Plaintiffs reallege the allegations contained in paragraphs 1 through 19 of the Complaint as if set forth fully herein.

21.     Plaintiffs provided funds in the amount of at least $139,000 to Debtor based upon the false and misleading representations and omissions of material fact set forth above.

22.     These representations were false and untrue when Debtor made them to Plaintiffs.

23.     Debtor knew or reasonably should have known these representations were false and untrue when Debtor made them to Plaintiffs.

24.     Debtor concealed and omitted to disclose material facts which, under the circumstances, Debtor had a duty to disclose to Plaintiffs.

25.     Debtor made these representations and omitted to disclose material facts to deceive Plaintiffs and to induce Plaintiffs to invest at least $75,000 with Debtor.

26.     As a result of these representations and omissions of material fact, Debtor obtained at least $139,000 from Plaintiffs.

27.     Had Plaintiffs known the true facts concerning Debtor, RMC, the King Street Property, and the Ouray Property, and had Plaintiffs known the material facts concealed and omitted by Debtor, Plaintiffs would have never invested $139,000 with Debtor and RMC.

28.     Plaintiffs' reliance upon these representations was reasonable and justified under the circumstances.

29.     Debtor knew he was insolvent and had no means to repay the debt owed to Plaintiffs when Debtor obtained the funds from Plaintiffs in December 2013 and January 2014.. Debtor knew but failed to disclose RMC was not a separate legal entity and had no ability to repay the debt owed to Plaintiffs.

30.     Upon information and belief, at and prior to the time of Plaintiffs' investment, Debtor knew RMC did not operate a viable business and could not continue to conduct business.

31.     Plaintiffs suffered damages as a direct and proximate result of Debtor's false representations and omissions of material fact.

32.     Debtor obtained money and other benefits from Plaintiffs by false pretenses, false representations, and actual fraud, and as a result, Plaintiff has suffered losses in the amount of at least $139,000, plus accrued interest, costs, and attorney fees.

33.     The debt and other obligations owed by Debtor to Plaintiffs should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

<b>SECOND CLAIM FOR RELIEF</b><br><b>Objection to Discharge pursuant to 11 U.S.C. § 727(a)(4)</b>

34.     Plaintiffs reallege the allegations contained in paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35.     Debtor filed his bankruptcy schedules under oath and penalty of perjury.

36.     Debtor knowingly and fraudulently made a false oath or account in this case in connection with Debtor's Chapter 7 voluntary petition and bankruptcy schedules filed with the Court. Debtor failed to list Plaintiffs as creditors or the indebtedness evidenced by the December 2013 Note, January 2014 Note, the Deed of Trust, or the June 2014 Promissory Note. Upon information and belief, Debtor obtained funds and incurred debt personally from other individuals and entities relating to RMC, the King Street Property, and other RMC projects but knowingly failed to disclose these creditors or debt obligations in his bankruptcy schedules.

37.     Accordingly, and pursuant to 11 U.S.C. § 727(a)(4)(A), Plaintiffs are entitled to an Order denying the Debtor's discharge.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Debtor and Defendant Elliott Boston III as follows:

a.     Actual and consequential damages in the amount of $139,000, plus pre- and post-judgment interest as set forth in the February and June 2014 Notes;

b.     A determination and ruling that the debt incurred by Debtor in connection with the Notes is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); excepting the debt from any discharge entered in these proceedings under 11 U.S.C. § 727, and for entry of an order finding that Debtor shall remain liable on such debt and the judgment arising therefrom until paid in full;

 c.  A determination that Debtor's discharge should be denied pursuant to 11 U.S.C. §
727(a)(4)(A);

 d.  An award of costs and reasonable attorney fees as allowed under applicable law; and

 e.  For such other and further relief as the Court deems just and proper.

Dated: November 3, 2014     Respectfully submitted,


            By:  s/ Robert J. Shilliday III
               Robert J. Shilliday III (#35595)
               730 17th Street, Suite 500
               Denver, CO 80202-3580
               Telephone:  (720) 439-2500
               E-Mail: rjs@shillidaylaw.com

# EXHIBIT A

Do not destroy this original note, together with the DEED OF TRUST securing same, must be surrendered to the trustee for cancellation and retention before re-conveyance will be made.

# NOTE SECURED BY DEED OF TRUST

(STRAIGHT NOTE with acceleration clause)

$ 105,000        3941 King Street, Denver, CO 80211        January 5, 2014

On or before July 5th, 2014 for value received, I promise to pay Angela Zhang of WZ USA Group Inc or order, at place designated by Beneficiary, the sum of ONE HUNDRED AND FIVE THOUSAND DOLLARS ($105,000).These funds are due at the time of the sale of the property, or 6 months from the date of funding, whichever occurs first. Angela Zhang of WZ USA Group Inc has contributed $75,000 towards this project.

This note is secured by the real property located at 3941 King Street, Denver, CO 80211

Legal Description: BEING all of Lots 27 & 28, BLK 12 Boulevard Place, City and County of Denver, State of Colorado.

Should default be made in the payment of any principal and premium when due, then the whole sum of principal and premium shall become immediately due and payable at the option of the holder of this note.

If shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or interest therein in any manner or way, whether voluntarily or involuntarily, without the consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby irrespective of the maturity date specified in any note evidencing the same; immediately due and payable. Should suit be commenced to collect this note or any portion thereof, such sum as the court may deem reasonable shall be added hereto as attorney's fees. Principal and premium is payable in lawful money of the United States of America.  This note is secured by a certain DEED OF TRUST to Angela Zhang of WZ USA Group Inc as trustee and beneficiary.

Signature of Trustor

Rocky Mountain Capital LLC, a Colorado Limited Liability Company

BY: Elliott Boston III, Managing Director.

State of Colorado

County of Douglas _____ S.S.

On January 3, 2014, before me, Amanda Leeder _____, a Notary Public, personally appeared Elliott Boston III, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they/he/she executed the same in their/his/her authorized capacity, and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this instrument.

NOTARY PUBLIC
AMANDA S
LEEDER
STATE OF COLORADO
MY COMMISSION EXPIRES 12/21/2015

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Rocky Mountain Capital, LLC, a Colorado Limited-Liability Company (Trustor)

BY: Elliott Boston III, Managing Director.

State of Colorado

County of Douglas _____ S.S.

On January 3 2014, before me, Amanda Leeder _____, a Notary Public, personally

appeared Elliott Boston III, who proved to me on the basis of satisfactory evidence to be the person(s) whose

name(s) is/are subscribed to the within instrument and acknowledged to me that they/he/she executed the same in

their/his/her authorized capacity, and that by his/her/their signature(s) on the instrument the person(s) or the entity

upon behalf of which the person(s) acted, executed this instrument.

I certify under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Witness my hand and official seal.

Signature: _____

Name: Amanda Leeder _____ (Area reserved for official notarial seal IN WITNESS

WHEREOF, the parties have executed or caused to be executed this agreement on this the __3__ day of January,

2014.

# EXHIBIT B

## PROMISSORY NOTE

June 26th, 2014

Elliott Boston

$104,000.00

Elliott Boston, referred to herein as "MAKER", agrees to pay to the order of WZ USA Group, Inc. and Angela Zhang, referred to herein as "HOLDER", or order, the sum of $104,000.00, (one hundred four thousand and no/100 dollars), at 3502 Pinnacle Court San Jose, CA 95125 with default interest thereon at a rate of 20% monthly simple interest if not paid by December 31st, 2014.

### Payment Timeline

This promissory note is payable in U.S. Dollars. The full amount of principal shall be payable on December 31st, 2104. At any time the maximum rate of interest applicable to this transaction shall not exceed the legal maximum rate of interest for a note of this type. Any sums paid in excess of any lawful limitation shall be applied to the principal.

After default herein, this note will bear interest at the highest legal rate for this type of note until paid in full. Upon any default, MAKER agrees to pay reasonable attorney fees for any and all services whether in or out of court, for appeal and post judgment-collection legal services.

Date: June 26th, 2014

_____
Maker

### Compliance Provision

After receiving written notice from HOLDER (WZ USA Group, Inc.) demanding cure of any default, MAKER will, within fifteen (15) days of said notice, immediately initiate steps which note holder deems in HOLDER'S sole discretion to the default, complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonable practical.

## PERSONAL GUARANTEE

The undersigned, in consideration of the extension of credit by HOLDER to MAKER, unconditionally personally guarantee the full and prompt payment of principal, interest, and any collection cost, including attorney fees to HOLDER. The undersigned consents to any extension, which may be made from time to time between MAKER and HOLDER, and consents to the release or substitution of collateral.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>
READ CAREFULLY: You are executing a legally binding obligation to pay this debt should the primary maker fail or refuse to do so. This means you will be called on to pay this debt and collection costs.
>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

Angela Zhang, WZ USA Group, Inc.

Elliott Boston

State of Colorado
County of Denver

Before me, the undersigned Notary Public, personally appeared Elliott Boston
Who, after being duly sworn, says he or she has read the above affidavit and it is true and correct to his or her personal knowledge and belief.

SUBSCRIBED AND SWORN TO BEFORE ME on this _____26th_____ day of _____June_____ 2014.

My commission expires _____

Notary Public

DIANA SMITH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID: 20024007313
MY COMMISSION EXPIRES MARCH 04, 2018

# EXHIBIT C

RETURN TO: POLICY/RELEASE DEPT.
FIRST INTEGRITY TITLE COMPANY.
950 S. CHERRY STREET. SUITE 1220
DENVER, CO 80246



2014088387
Page: 1 of 1

07/24/2014 09:32 AM          R $26.00
City & County of Denver                RDT
D $0.00

REQUEST FOR FULL ☑ / PARTIAL ☐
**RELEASE OF DEED OF TRUST AND RELEASE** BY OWNER OF INDEBTEDNESS WITH PRODUCTION OF EVIDENCE OF DEBT
PURSUANT TO §38-39-102(1)(a) AND (3), COLORADO REVISED STATUTES)

June 26th 2014 _____ Date

ROCKY MOUNTAIN CAPITAL, LLC, A Colorado
Limited Liability Company _____ Original Grantor (Borrower)
_____ Assuming Party, or Current Owner ·

☑ Check here if current address is unknown
WZ USA GROUP INC. _____ Original Beneficiary (Lender)

01/05/2014 _____ Date of Deed of Trust
_____ Date of Recording and/or Re-Recording of Deed
01/23/2014 _____ of Trust
DENVER _____ 2014007698 _____ Recording Information
County   Rept. No. and/or Film No. and/or Book/Page No. and/or Torrens Reg. No.

TO THE PUBLIC TRUSTEE OF DENVER COUNTY (The County of the Public Trustee who is the appropriate grantee to whom the above Deed of Trust should grant an interest in the property described in the Deed of Trust.)

PLEASE EXECUTE AND RECORD A RELEASE OF THE DEED OF TRUST DESCRIBED ABOVE. The indebtedness secured by the Deed of Trust has been fully or partially paid and/or the purpose of the Deed of Trust has been fully satisfied in regard to the property encumbered by the Deed of Trust as described therein as to a full release or, in the event a partial release, only that portion of the real property described as:   *(IF NO LEGAL DESCRIPTION IS LISTED THIS WILL BE DEEMED A FULL RELEASE)*

3502 Pinnacle Ct, San Jose, CA, 95132

WZ USA Group INC. _____ Angela Zhang
Name and Address of Current Owner and Holder of the Indebtedness Secured by Deed of Trust (Lender)

Angela Zhang _____ CEO
Name, Title and Address of Officer, Agent or Attorney of Current Owner and Holder

_____ Signature

State of California, County of Santa Clara
The foregoing instrument was acknowledged before me on
26th June 2014 (date) by*
Angela Ping Zhang

07/02/2017 Date Commission Expires _____ Rm Patel
*If applicable, insert title of officer and name of current owner and holder          Notary Public

Ronak Manojkumar Patel
COMM. #2032142
NOTARY PUBLIC · CALIFORNIA
SANTA CLARA COUNTY
My Comm. Exp. July 2, 2017

**RELEASE OF DEED OF TRUST**

WHEREAS, the Grantor(s) named above, by Deed of Trust, grant certain real property described in said Deed of Trust to the Public Trustee of the County referenced above, in the State of Colorado, to be held in trust to secure the payment of the indebtedness referred to therein, and
WHEREAS, the indebtedness secured by the Deed of Trust has been fully or partially paid and/or the purpose of the Deed of Trust has been fully or partially satisfied according to the written request of the current owner and holder of indebtedness
NOW THEREFORE, in consideration of the premises and the payment of the statutory sum, receipt of which is hereby acknowledged, I, as the Public Trustee in the County named above, do hereby fully and absolutely release, cancel and forever discharge the Deed of Trust or that portion of the real property described above in the Deed of Trust, together with all privileges and appurtenances thereto belonging

Debra Johnsen
Public Trustee      Leroy Eddie Gurrola

Deputy Public Trustee
(If applicable, Notary Seal)

STATE OF COLORADO, City and County Of
Denver The foregoing instrument was
acknowledged before me on July 3, 2014 by
ABOVE SIGNED DEPUTY as the Deputy Public   106.5, Colorado Revised Statutes )
Trustee of the City and County of Denver, State
of Colorado.
(If applicable

$26.00

1 of 3

375407
379193

# EXHIBIT D

Do not destroy this original note, together with the DEED OF TRUST securing same, must be surrendered to the trustee for cancellation and retention before re-conveyance will be made.

# NOTE SECURED BY DEED OF TRUST

(STRAIGHT NOTE with acceleration clause)

$ 78,000                       5702 S. Ouray Street, Denver, CO 80015                       December 18, 2013

On or before June 18th, 2014 for value received, I promise to pay Angela Zhang of WZ USA Group Inc or order, at place designated by Beneficiary, the sum of SEVENTY EIGHT THOUSAND DOLLARS ($78,000).These funds are due at the time of the sale of the property, or 6 months from the date of funding, whichever occurs first. Angela Zhang of WZ USA Group Inc has contributed $60,000 towards this project.

This note is secured by the real property located at 5702 S. Ouray Street, Denver, CO 80015

Legal Description: BEING all of Lot 31, of block 2, Piney Creek, 3rd FLG of City and County of Denver, State of Colorado.

Should default be made in the payment of any principal and premium when due, then the whole sum of principal and premium shall become immediately due and payable at the option of the holder of this note.

If shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or interest therein in any manner or way, whether voluntarily or involuntarily, without the consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby irrespective of the maturity date specified in any note evidencing the same; immediately due and payable. Should suit be commenced to collect this note or any portion thereof, such sum as the court may deem reasonable shall be added hereto as attorney's fees. Principal and premium is payable in lawful money of the United States of America. This note is secured by a certain DEED OF TRUST to Angela Zhang of WZ USA Group Inc as trustee and beneficiary.

Signature of Trustor

Rocky Mountain Capital LLC, a Colorado Limited Liability Company

BY: Elliott Boston III, Managing Director.

State of Colorado

County of ___Denver___ S.S.

On _12 /18 /13_, before me, ___Elliott Boston III___, a Notary Public, personally appeared Elliott Boston III, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they/he/she executed the same in their/his/her authorized capacity, and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this instrument.

SABITA MAHARJAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134087345
MY COMMISSION EXPIRES JUNE 6, 2017

I certify under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Witness my hand and official seal.

Signature: _____Sabita Maharjan_____

Name: ____Sabita Maharjan_____ (Area reserved for official notarial seal IN WITNESS

WHEREOF, the parties have executed or caused to be executed this agreement on this the __18__ day of December,

2013.

**Signature of Trustee**
WZ USA Group Inc

_____

BY: Angela Zhang


State of California

County of _____ S.S.

On _____, before me, _____,a Notary Public, personally

appeared Angela Zhang, who proved to me on the basis of satisfactory evidence to be the person(s) whose

name(s) is/are subscribed to the within instrument and acknowledged to me that they/he/she executed the same in

their/his/her authorized capacity, and that by his/her/their signature(s) on the instrument the person(s) or the entity

upon behalf of which the person(s) acted, executed this instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

Signature: _____

Name: _____ (Area reserved for official notarial seal IN WITNESS

WHEREOF, the parties have executed or caused to be executed this agreement on this the _____ day of December,

2013.

4

RECORDING REQUESTED BY:
Angela Zhang
WZ USA Group Inc

AND WHEN RECORDED MAIL TO:
Angela Zhang
3502 Pinnacle Court
San Jose, CA 95132



**2014007704**
Page: 1 of 4
D $0.00

01/23/2014 03:22 PM      R $26.00
City & County of Denver                    DOT

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DEED OF TRUST (2nd position)

$78,000      5702 S. Ouray Street, Denver, CO 80015      December 18, 2013

This deed of Trust, made on this 18th day of December, 2013, between, Rocky Mountain Capital, LLC a Colorado Limited Liability Company whose address is 10625 Wildhurst Circle, Highlands Ranch, CO 80126 herein called TRUSTOR and WZ USA Group Inc, whose address is 3502 Pinnacle Court, San Jose, CA 95132 herein called TRUSTEE and WZ USA Group Inc, herein called BENEFICIARY.

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Denver, situated at 5702 S. Ouray Street, Denver, CO 80015

**Legal Description:** BEING all of Lot 31, of block 2, Piney Creek, 3rd FLG of City and County of Denver, State of Colorado.

TOGETHER WITH the rents, issues, and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon the Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $78,000 executed by the Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary , when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon: not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or the powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee , but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such a manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date thereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for the public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability thereof and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement , and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any said part of said property ; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee's for cancellation and retention and upon payment of its fees, Trustee's shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any such matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person,

by agent or by a receiver to be appointed by court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits , including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and In such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default of Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee's shall cause to be filed for record. Beneficiary shall also deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money in the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to be sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.
After deducting all costs, fees and expenses of Trustee and of his trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estates, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to inure to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes feminine and/or neuter, and the singular number includes plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Rocky Mountain Capital, LLC, a Colorado Limited Liability Company (Trustor)

BY: Elliot Boston III, Managing Director.


State of Colorado

County of _Denver_____ S.S.

On _12/18/13_____, before me, _Sabita Maharjan_____, a Notary Public, personally

appeared Elliott Boston III, who proved to me on the basis of satisfactory evidence to be the person(s) whose

name(s) is/are subscribed to the within instrument and acknowledged to me that they/he/she executed the same in

their/his/her authorized capacity, and that by his/her/their signature(s) on the instrument the person(s) or the entity

upon behalf of which the person(s) acted, executed this instrument.

I certify under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Witness my hand and official seal.

Signature: ____Sabita Maharjan_____

Name: ___Sabita Maharjan_____ (Area reserved for official notarial seal IN WITNESS

WHEREOF, the parties have executed or caused to be executed this agreement on this the __18__ day of December,

2013.

SABITA MAHARJAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134037245
MY COMMISSION EXPIRES JUNE 8, 2017